**Rudolph V. ALOSIO, Plaintiff,**

v.

**IRANIAN SHIPPING LINES, S.A., et al., Defendants.**

**ATLANTIC STEAMERS SUPPLY CO., INC. OF PENNSYLVANIA, et al., First Intervening Plaintiffs,**

v.

**IRANIAN SHIPPING LINES, S.A., et al., Second Defendants.**

**IRANIAN SHIPPING LINES, S.A., a corporation, Cross-Claimant,**

v.

**Peter MORAITES et al., Impleaded Defendants.**

**No. 72 Civ. 1392 (HFW).**

United States District Court,
S. D. New York.

Oct. 19, 1976.

Cohn, Glickstein, Lurie, Ostrin & Lubell, New York City, for Iranian Shipping Lines, S.A.; by Jonathan Lubell, New York City, of counsel.

Rogers & Wells, New York City, for defendant Arya Shipping Lines, S.A.; by James B. Weidner, James M. Ringer, Jeffrey M. Weissman, New York City, of counsel.

WERKER, District Judge.

This is a motion by defendant Arya Shipping Lines, S.A. pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the amended cross-claim brought against it by Iranian Shipping Lines, S.A. (hereinafter "ISL"). The Manta defendants,[1] Robert R. Kreis and the firm

of Levin, Kreis, Ruskin & Gyory have also moved for summary judgment on that cross-claim upon the papers submitted by Arya. Movants contend that ISL lacks the capacity to prosecute this suit.

The facts surrounding this motion are not complicated. On March 1, 1972, ISL filed a cross-claim against Arya and twenty-two other defendants. The cross-claim was brought by Nick C. Spanos who had been appointed as a Managing Director of ISL on May 31, 1965. ISL itself was incorporated on April 10, 1961 as a "joint stock company" under the Commercial Code of Iran of 1932 (hereinafter "1932 Code").

Amendments to the 1932 Code effective in 1969 provided that joint stock companies had to reorganize, either as "public" or "private" joint stock companies or as non-joint stock companies. Pursuant to a subsequent amendment, joint stock companies organized under the 1932 Code, such as ISL, were given until April 27, 1973 to convert to an approved form of organization. Those that did not were to be dissolved as of that date by operation of law. A certificate issued by the Registrar of Companies and Industrial Properties of the Iranian Ministry of Justice[2] states that ISL failed to make the required change in its corporate structure and that it "is considered as having been dissolved . . . subject to the liquidation proceedings stipulated in the [1932 Code]." The foregoing facts are not disputed.

Arya and the other movants contend that ISL lacks the capacity to continue prosecution of this suit because of the involuntary dissolution. They note that:

"Iranian law contains no savings statute whereby the automatic incidents of corporate death are suspended for a specified period of time." Arya Memorandum at 6.

1. The Manta defendants are: George L. Manta, Helen Manta, Mark F. Manta (a/k/a Frank Manta), Leo J. Manta and Mark F. Manta as Co-Executors of the Estate of John L. Manta, J. L. Manta, Inc., Manta Vin-Cor Steel Corporation, Manta Investments, Inc., Christ Karafotias, Paul Demos, Seymour F. Simon, Demos, Karafotias & Chrones, a partnership, and Telis Demos d/b/a Demos Travel Bureau.

2. The Registrar is required to maintain all records which must be filed under the 1932 Code and the 1969 Amendments.

ISL maintains, however, that Spanos was authorized by an ISL Board of Directors resolution dated March 28, 1964 to "institute legal action against any person and/or party for the collection of all funds due and owed to the company." ISL urges that this resolution and the 1932 Code empower Spanos to proceed with this suit as a corporate liquidator.

## DISCUSSION

Under Rule 17(b), Fed.R.Civ.P., the capacity of a corporation to sue is determined by the law under which it was organized. In deciding questions of foreign law, the court may look to the testimony of expert witnesses as well as the underlying statutes. 9 Wright & Miller, Federal Practice and Procedure § 2444 (1971). Moreover, disagreements over the meaning of a foreign statute raise questions of law, not fact, and they do not preclude the granting of a motion for summary judgment. *Bassis v. Universal Line, S.A.*, 436 F.2d 64, 68 (2d Cir. 1970); *Fleischmann Distilling Corp. v. Distillers Co., Ltd.*, 395 F.Supp. 221 (S.D.N.Y.1975).

Article 284 of the 1969 amendments to the 1932 Code provides that the dissolution of a joint stock company which has not been transformed into an approved type of organization by the deadline date "shall be subject to the dissolution proceedings laid down in the [1932 Code]." Article 203 of the 1932 Code in turn, provides that:

"In [the] case of . . . joint stock companies, the director or directors shall carry out the liquidation proceedings . . . ."

Finally, article 209 of the 1932 Code declares that:

"Liquidators have the right to bring or defend actions in the company's name, either in person or by attorney."

The 1932 Code fails to state, however, whether the authority of directors to carry out liquidation proceedings under article 203 makes them liquidators within the meaning of article 209.

In support of the motion for summary judgment, Arya has submitted two sworn affidavits by Musa Sabi, an accomplished Iranian attorney who has translated eight volumes of Iranian law into English. He has served for more than twenty years as an Iranian legal counsel to the United States Embassy in Tehran and is a recognized authority on the law of Iran. ISL has not questioned his credentials.

Musa Sabi states that liquidation proceedings cannot be commenced by the Board of Directors or Managing Directors acting alone. He goes on to explain that there are only two ways to commence liquidation proceedings under the 1932 Code and the ISL Articles of Association: (1) by shareholder vote. at a meeting called to wind up the company in accordance with article 74 of the 1932 Code or (2) by an order of the Iranian Court of First Instance issued upon the application of an interested party under article 143(3) of the Iranian Civil Procedure Code. Neither alternative was pursued here. Indeed, the amended ISL cross-claim notes that:

". . . Forty-eight percent of the shares of ISL are opposed to any dissolution or end of its corporate existence. . . . Under ISL's Articles of Association, a resolution to dissolve or liquidate ISL cannot legitimately be carried if it is opposed by as many as forty-eight percent of the shares issued and outstanding."

In light of the affidavits of Musa Sabi, I am unwilling to conclude, as I otherwise might from the statute alone, that the express power of directors to "carry out" liquidation proceedings under Article 203 also authorizes them to bring actions in the company's name.

Moreover, it is difficult to believe, as ISL contends, that the 1964 board resolution was intended to authorize Spanos to act as a liquidator. It was passed almost four years before the need to reorganize ISL arose and almost eight years before the dissolution took effect.

Even if I were to assume *arguendo* that Spanos was properly authorized in 1964 to bring suit as a director, the authorization would have expired long before the cross-

**690**

claim was filed. Article 46 of the 1932 Code sets the term of office of a director at "four years at most," although a company's Articles of Association may permit the re-election of directors. Article 13 of the ISL Articles states that board members shall serve for a period of four years and that they may be reelected. Neither the 1932 Code nor the ISL Articles provides for directors to remain in office in the event that replacement directors are not elected for some reason. This differs of course from the usual practice in the United States. *See, e. g.,* New York Business Corporation Law § 703(b) (McKinney 1963). Since Spanos and his co-directors were last elected to their positions at an "Extraordinary Meeting" of ISL shareholders held on May 31, 1965, their terms of office expired on May 31, 1969 and Spanos was not a corporate director at the time he brought the cross-claim against Arya and others.[3] Thus, he could not possibly have brought the cross-claim as part of his duty to carry out liquidation proceedings under article 203.

The court concludes that ISL has been dissolved under Iranian law and that Spanos cannot continue its cross-claim against Ayra and the other defendants. *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.,* 302 U.S. 120, 124–25, 58 S.Ct. 125, 82 L.Ed. 147 (1937); *Oklahoma Natural Gas Co. v. Oklahoma,* 273 U.S. 257, 259–60, 47 S.Ct. 391, 71 L.Ed. 634. The cross-claim is therefore dismissed.

SO ORDERED.

---

3. At an earlier stage of this action, the Midland Bank and Trust Company moved to dismiss an ISL cross-claim against it. The bank contended that Spanos alone could not sign a stipulation of substitution of counsel because the ISL Articles of Association required documents to be signed jointly by the two Managing Directors of the company. ISL contends that in deciding that motion Judge Brieant held that "Spanos had the authority to bring the cross claim in the name and on behalf of ISL." ISL Memorandum at 3. However, that motion was

addressed to a different question of law and Judge Brieant denied it "without prejudice to renew on a showing of facts indicating absence of actual authority." With respect to the board resolution upon which ISL seeks to rely, Judge Brieant observed that it was in force "so far as any factual evidence proffered on this motion is concerned." Because Arya has adduced further facts for the court's consideration at this time, I have reached a conclusion which differs from that of Judge Brieant.