**In the Matter of the GRAND JURY SUBPOENA DUCES TECUM ADDRESSED TO ARMADA PETROLEUM CORPORATION.**

**Misc. No. H–81–46.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 21, 1981.

---

Michael J. Brown, Asst. U. S. Atty., Houston, Tex., for United States.

Briscoe, Powell & Taylor, Frank Briscoe, Houston, Tex., for Armada Petroleum Corp.

## MEMORANDUM AND ORDER:

STERLING, District Judge.

Pending before the Court is the motion of Armada Petroleum Corporation to quash a grand jury subpoena issued by the District Clerk on June 24, 1981. Armada presents the following arguments:

1. The Internal Revenue Service violated its own examination and criminal procedures in its preliminary investigation of the subject matter of the subpoena;

2. The Service's investigation violated the law, and since any evidence derived therefrom is inadmissible at a criminal trial, that evidence should also be excluded from the grand jury's consideration at this time;

3. The Service is attempting to misuse the grand jury's criminal authority in order to obtain evidence for a civil suit; and

4. The subpoena duces tecum is "overbroad and onerous."

The Court is not persuaded by the first two arguments. The exclusionary rule is not applicable to evidence requested by a grand jury. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *United States v. Blue*, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), and *West v. United States*, 359 F.2d 50 (8th Cir. 1966) *cert. denied*, 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 94 (1966). *See Stone v. Powell*, 428 U.S. 465, 485, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976). The grand jury may consider the subpoenaed documents at this time even though the documents may be tainted and subject to later suppression at trial. Armada relies upon *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) for an opposite conclusion of law. However, in *United States v. Calandra, supra*, 414 U.S. at 352, n.8, 94 S.Ct. at 622, n.8, the Supreme Court distinguished the movant's early case in a manner which is determinative of the instant motion.

In reaching the conclusion stated above, the Court does not express an opinion con-

cerning the constitutional admissibility of this evidence. That determination must await a motion to suppress at a resulting criminal trial. *United States v. Blue, supra,* 384 U.S. at 255, 86 S.Ct. at 1419.

In support of its third point of contention Armada cites only *United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The Court concludes, however, just as the Supreme Court did in a similar manner in the cited case, that Armada has failed to show that the government has subverted proper criminal procedure. In fact, Armada's position is much weaker than Procter & Gamble's was in 1958. The latter company was not indicted by a grand jury, but was subsequently sued in a civil action. Armada actually may be indicted and can only hypothesize concerning a civil suit. Further, in contrast to Procter & Gamble, Armada already has access to what probably will be the entire significant evidence (income and expense records) in any future civil action to collect unpaid tax.

The Court rejects movant's third argument which amounts to a request to the Court to prohibit grand jury proceedings if they hold even the potential for application to a later civil suit. Armada's argument is premature and should be raised only if a civil suit develops and only in the context of a motion under Rule 6(e)(2), Fed.R.Crim.P. At that time the good faith of the government in bringing the criminal investigation can be determined, *United States v. Procter & Gamble Co., supra,* 356 U.S. at 683–84, 78 S.Ct. at 986–988.

The Court disagrees with movant's fourth argument. The requested documents are generally relevant to the subject matter of legitimate investigation. In its answer in this matter the United States alleges that Armada is suspected of criminal liability for its failure to pay federal income tax. The government maintains that Armada owes over 10.6 million dollars in delinquent taxes for 1977 alone. The income and business deductions of a subject entity are clearly relevant to a computation of tax liability. All of the requested documents are relevant and necessary to a substantiated determination of income and deductible expense.

This subpoena describes with reasonable particularity the material which must be produced. A plain reading of the subpoena removes any serious doubt in the reader's mind concerning the documents which Armada is charged with producing. *See United States v. Reno,* 522 F.2d 572 (10th Cir. 1975).

The period of time covered by this request is not unreasonably long. *See In re Grand Jury Proceedings,* 601 F.2d 162 (5th Cir. 1979) (seven years not questioned although subpoena subject to motion to quash on fifth amendment grounds), and *In re Rabbinical Seminary Netzach Israel Ramailis,* 450 F.Supp. 1078, 1085 (E.D.N.Y. 1978) (nine years is acceptable). The government alleges that documents from throughout the subpoenaed, four-year period serve as a basis for its suspicion of criminal activity. Armada has not submitted clear evidence showing that this allegation is unfounded or that the proposed grand jury investigation is irregular in scope. *See Beverly v. United States,* 468 F.2d 732, 743 (5th Cir. 1972). The Court finds that Armada has not established by affidavit or other evidence that this subpoena is ulterior in intent, or unreasonable or oppressive in effect, Rule 17(c), Fed.R.Crim.P.

It is, therefore,

ORDERED that the motion to quash grand jury subpoena and to suppress evidence is DENIED.