**In re AIRCRASH DISASTER AT MALAGA, SPAIN ON SEPTEMBER 13, 1982**

**This Document Relates To De Gazpio and Gutierrez v. Spantax Case No. 83 Civ. 3963.**

**MDL No. 530.**

United States District Court, E.D. New York.

June 25, 1985.

**904**

Smiley, Olson, Gilman & Pangia, Washington, D.C. (Daniel F. Hayes, Washington, D.C., of counsel), for plaintiff.

Condon & Forsyth, New York City (Michael J. Holland, New York City, of counsel), for Spantax.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendant Spantax, S.A. (Spantax) moves for dismissal of or summary judgment on the De Gazpio and Gutierrez complaints on the ground that plaintiffs lack capacity to sue under Federal Rule of Civil Procedure 17(b).

Plaintiffs assert claims for the wrongful death of their respective spouses in an airplane crash in Malaga, Spain on September 13, 1982. Jurisdiction is based on the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 U.S.C. § 1502 note (the Convention) and diversity of citizenship, 28 U.S.C. § 1332.

Spantax claims that under New York law plaintiffs must be personal representatives to maintain a wrongful death action, and that plaintiffs have not been duly appointed. The parties agree that although the complaints allege that plaintiffs are the personal representatives of the decedants, in fact they had not been appointed. Plaintiffs contend, however, that such appointment is not necessary to maintain a wrongful death action under the Convention since under the laws of Spain and Mexico, the respective domiciles of Gutierrez and De Gazpio, spouses may maintain wrongful death actions.

The Convention creates an independent cause of action for wrongful death. *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir.1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). Article 17 of the Convention provides in pertinent part that "[t]he carrier shall be liable for damages sustained in the event of the death or wounding of a passenger." Neither the Convention nor the *Benjamins* case state who may bring such an action. *See* Convention, Article 24(2). Courts have looked to analogous federal statutes to determine who is entitled to assert the cause of action. *See In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400, 414–15 & n. 27 (9th Cir.1983); *Windbourne v. Eastern Air Lines, Inc.,* 479 F.Supp. 1130, 1163, 1166 (E.D.N.Y. 1979), *rev'd on other grounds,* 632 F.2d 219 (2d Cir.1980).

It is not necessary for plaintiffs to obtain ancillary letters from a New York State court in order to pursue a wrongful death action under the Convention so long as plaintiffs have "some kind of authorization" from their domicile to pursue these action on behalf of the decedents. *See Complaint of Cosmopolitan Shipping Company,* 453 F.Supp. 265 (S.D.N.Y.1978) (under Death on High Seas Act and Jones Act); *Windbourne, supra,* 479 F.Supp. at 1163 and cases cited.

Plaintiff Gutierrez submits a declaration of heirs decided December 23, 1983 by Judge Teodore Sarmiento Hueso declaring decedent's grandmothers as her sole and universal heirs without prejudice to the "legal usufructuary right" of the surviving spouse. Gutierrez also submits a statement by Jose Luis Fernandez Ruiz, a lawyer and professor at the University of the Basque Country, that under Spanish law the right to maintain a wrongful death action is personal not hereditary and that decedent's next of kin, such as a spouse or child, may maintain the action without showing that they are heirs.

Plaintiff De Gazpio submits a copy of a decree by Judge Javier Arturo Salgado Munoz dated March 8, 1985 declaring De Gazpio and her son the "only and universal heirs" of decedent, and De Gazpio the Administrator of the inheritance. De Gazpio also submits an opinion letter by Francisco Rivera Duarte, apparently a Mexican lawyer, stating that under Mexican law a spouse may initiate a wrongful death action even without a declaration of heirs.

■ In deciding questions of foreign law, the court may look to written testimony by experts and others and foreign legal materials. *See* 9 Wright & Miller, Federal Practice and Procedure § 2444 (1971); *Alosio v. Iranian Shipping Lines, S.A.,* 426 F.Supp. 687, 689 (S.D.N.Y.1976). Spantax does not dispute, although it had opportunity to do so, the plaintiffs' authority to maintain wrongful death actions under Spanish and Mexican law.

■ To the extent plaintiffs seek recovery not under the Convention but under state law, plaintiffs are required within 60 days of the date of this order to obtain appropriate authorization from the state to maintain the action. *See Brohan v. Volkswagen Manufacturing Corporation of America,* 97 F.R.D. 46 (E.D.N.Y.1983).

Spantax's motion is denied. So ordered.