**In re REQUEST FOR ASSISTANCE FROM MINISTRY OF LEGAL AFFAIRS OF TRINIDAD AND TOBAGO.**

No. 86–1461–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 2, 1986.

Jeffrey H. Kay, Ft. Lauderdale, Fla., for movant.

David Lichter, Asst. U.S. Atty., Miami, Fla., for respondent.

## MEMORANDUM DECISION

SCOTT, District Judge.

### BACKGROUND

Joseph Azar moves to quash a subpoena issued by the District Court of the Southern District of Florida commanding the Union Bank of Florida to produce certain records concerning Joseph Azar's bank account. The order authorizing the subpoena was issued in response to a Request for Judicial Assistance by the Attorney General and Minister of Legal Affairs of Trinidad and Tobago pursuant to 28 U.S.C. § 1782.

The Attorney General and Minister of Legal Affairs of Trinidad and Tobago issued the Request for Judicial Assistance in aid of an ongoing criminal investigation by the Director of Public Prosecutions of Trinidad and Tobago and the Trinidad and Tobago Police Service. The investigation concerns alleged violations of the Exchange Control Act of Trinidad and Tobago by one named, unindicted individual and other unnamed, unindicted individuals. The information sought is for use in a judicial proceeding to be held in Trinidad.

 Azar moves to quash the subpoena on the grounds that the Attorney Gener-

al and Minister of Legal Affairs of Trinidad and Tobago is not a "tribunal" within the meaning of § 1782.[1] He asserts, in essence, that a district court's discretion to appoint a commissioner and authorize the issuance of a subpoena under § 1782 is limited to those instances where the requesting party is a "tribunal." Counsel for the Government argues that the controlling issue is whether the testimony, statement or document is requested by an interested person within the meaning of § 1782 and is "for use in a proceeding in a foreign or international tribunal". This court determines that government counsel posits the dispositive issue[2] and notes that the issue is one of first impression in this Circuit.

### LEGAL DISCUSSION

Section 1782(a) provides in pertinent part that:

The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to provide a document or other thing *for use in a proceeding in a foreign or international tribunal.* The order may be made pursuant to a letter rogatory issued, or request made by a foreign or international tribunal *or upon the application of any interested person* and may direct that the testimony or statement be given or the document or other thing be produced, before a person appointed by the court.... (Emphasis added).

Only two restrictions are explicitly stated under the statute: (1) the request must be made either through a letter rogatory or by a foreign or international tribunal or by an interested person; and, (2) the evidence sought must be for use in a proceeding in a foreign or international tribunal. Each will

---

1. Azar also contends that his rights under the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, have been violated. This contention is meritless. The only record subpoenaed from Union Bank to date was a request for the name and last known address associated with a designated account number. A request for such information pursuant to a judicial subpoena is specifically excluded from the provisions of the Right to Financial Privacy Act. *See* 12 U.S.C. § 3413(g).

2. To the extent that *Fonseca v. Blumenthal,* 620 F.2d 322 (2nd Cir.1980), holds otherwise, this Court respectfully disagrees.

be discussed within the context of the instant case.

### 1. *Request By An "Interested Person"*

Contrary to Azar's assertions, there is no requirement that the request for assistance be made by a tribunal or be in the form of a letter rogatory. An application may be made by any interested person. The legislative history supports this view:

A request for judicial assistance under the proposed revision may either be contained in a letter rogatory or other request or be made in a direct application by an interested person, such as a person designated by or under a foreign law, or a party to the foreign or international litigation. Subsection (a) specifically so provides.

(1964 U.S.Code Cong. and Admin.News p. 3789.)

▮ In the case *sub judice*, this Court determines that the request for assistance was made by an "interested person" within the meaning of § 1782. In making this determination, the Court is guided by the interpretation given the term "interested person" by Hans Smit, the Reporter to the Commission and Advisory Committee on International Rules of Civil Procedure. As interpreted by Smit,

the [term "interested person"] is intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance.

Smit, *International Litigation Under the United States Code,* 65 Colum.L.Rev. 1015, 1027 (1965).

The Attorney General and Minister of Legal Affairs of the Republic of Trinidad and Tobago is a foreign official who possesses a reasonable interest in obtaining assistance. He is seeking production of certain documents in order to assist an ongoing criminal investigation concerning violations of the Exchange Control Act of Trinidad and Tobago by certain individuals. His Request makes absolutely clear that the purpose of the documents requested is for use at trial. As stated in his Request,

[the Ministry of Justice of the Republic of Trinidad and Tobago] needs copies of the records of the accounts of the aforementioned Banks to show that the proceeds of the currency control regulation scheme were actually transferred and in order to show the ultimate beneficiaries of the scheme. The records are also required to show the size and magnitude of the sums involved in the scheme in question. These records are evidence needed for use in a judicial proceeding to be held in Trinidad. Request, p. 5.

In addition, the procedures which the Attorney General and Minister of Trinidad and Tobago requests be followed in the production of the documents indicates that the documents are desired in a form in which they will be admissable as evidence. *See,* Request p. 6. Furthermore, the Attorney General specifically requests that inquiry be made "of the appropriate Bank officials" to determine whether "he or she would be willing to travel to Trinidad at our expense to testify at trial regarding the authenticity of these records." Request, p. 6. These facts unquestionably demonstrate that the Attorney General of Trinidad and Tobago possesses a reasonable interest in obtaining assistance in the production of the requested documents. He is, thus, an "interested person" within the meaning of § 1782 and thereby meets one of the statute's two requirements.

### 2. *For Use In A Proceeding in a Foreign Tribunal*

▮ The specific representation of the Attorney General of Trinidad and Tobago that the requested documents are to be used at trial, and the obvious interest in obtaining these records in admissible form, also substantiate beyond question that the documents requested will be "for use in a proceeding in a foreign tribunal" within the meaning of 28 U.S.C. § 1782. Although the judicial proceeding in which the requested documents are to be used is not currently pending, § 1782 imposes no such

requirement. Indeed, in contradistinction to its predecessor,[3] the 1964 amendment to § 1782 eliminated the word "pending".

The judicial history provides no meaningful indication as to the reason for the elimination of the word "pending". In such circumstances, the congressional intent must be ascertained from the language of the new provision vis-a-vis the old. Examining the two provisions, it is reasonable to assume that the elimination of the word "pending" was intended to facilitate the gathering of evidence prior to the institution of litigation and indicates that it is not necessary for the proceeding to be pending at the time the evidence is sought.[4] *See* Smit, *Inter-National Litigation Under The United States Code,* 65 Columb.L.Rev. 1015, 1026 (1965).

Thus, the pivotal inquiry this Court must make is whether the evidence sought will eventually be used in a proceeding in a foreign or international tribunal. As previously mentioned, the Request by the Attorney General of Trinidad and Tobago clearly substantiates that the requested documents are to be used at trial. Accordingly, this Court concludes that the Attorney General of Trinidad and Tobago has demonstrated that the requested documents are "for use in a proceeding in a foreign tribunal" within the meaning of § 1782, and he is, therefore, properly seeking the assistance of this Court.

## CONCLUSION

Under Section 1782, a district court has the discretion to order the production of a document for use in a foreign or international tribunal upon the application of an interested person. The requirements for exercising this discretion are met in this case. As reasoned above, the Attorney General and Minister of Legal Affairs of Trinidad and Tobago is an interested person who seeks the production of documents for use in a judicial proceeding abroad within the meaning of § 1782.

This result is buttressed by the Congressional intent of enacting the 1964 amendment. Public Law 88–619 was enacted to liberalize and broaden the scope of the authority vested in the United States courts to render assistance to foreign countries.[5] The scope of this authority encompasses assisting foreign countries in gathering of evidence prior to the institution of litigation.

Based on all the foregoing facts and reasons, it is ORDERED and ADJUDGED as follows:

1. The motion to quash the subpoena is *denied.*

2. This case presents a novel and important issue which this Circuit has not yet addressed. It is hoped that the movant will seek review of this decision to the Eleventh Circuit Court of Appeal. In keeping with this observation, this order will be stayed for twenty (20) days in order to permit Azar to effectuate his appellate rights or to announce his intention not to do so.

---

**3.** The former version of § 1782, 63 Stat. 103 (1949), required that the deposition of a witness was "to be used in any judicial proceeding pending in any court in a foreign country."

**4.** This analysis follows the canon of statutory construction that "the legislative language will be interpreted on the assumption ... that if any change occurs in legislative language, a change was intended in legislative result." Sutherland Statutory Construction, Section 4510, 3rd Edition, Horach.

**5.** Support for this interpretation is found in the announced purpose of the 1964 amendment adopted by the Judiciary Committees of both houses of Congress. *See,* 1964 U.S. Code Cong. & Admin.News p. 3783; Judicial Procedures in Litigation with International Aspects, Report of the Committee on the Judiciary, H.R.Rep. No. 1052, 88th Cong., 1st Sess. 4 (1963); S.Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964); *cf.* 1964 U.S. Code Cong. & Admin.News pp. 3782, 3783.