**In re LETTER OF REQUEST FOR JUDICIAL ASSISTANCE FROM the TRIBUNAL CIVIL DE PORT–AU–PRINCE, REPUBLIC OF HAITI.**

No. 86–1102–CIV.

United States District Court,
S.D. Florida,
Civil Division.

March 25, 1987.

Jeffrey Weissman & Sparber, Shevin, Shapo & Heilbronner, P.A., Norman Chirite, Miami, Fla., for plaintiff.

Gary Dumas, Stroock & Stroock & Lavan, Miami, Fla., for defendant.

## ORDER DENYING INTERVENOR'S MOTION TO VACATE ORDER AND GRANTING MOTION TO MODIFY SUBPOENA DUCES TECUM

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on Intervenor FRANTZ MERCERON'S ("MERCERON") Motion to Vacate and Set Aside Order Appointing Commissioner and to Quash or Modify Subpoena Duces Tecum. MERCERON and Counsel for the Government of Haiti have filed extensive memoranda of law, affidavits, and other documents related to this cause, and the Court has held two hearings on the same. For the reasons listed below, this Court finds that MERCERON'S arguments in support of its Motion to Vacate or Set Aside the Order Appointing the Commissioner lack merit, but agrees with MER-

CERON'S contention that the Subpoena Duces Tecum should be modified.

### Background

Former President-for-Life Jean-Claude Duvalier fled the Republic of Haiti ("Haiti") on February 7, 1986, along with several of his close associates and friends. On April 17, 1986, the prosecuting attorney, in accordance with Haitian law and the dictates of the successor government, filed a Complaint with the Tribunal. The Complaint accuses members of the former regime and the Duvalier family of crimes ranging from corruption of public officials to embezzlement, and claims they transferred the tainted funds abroad. A *juge d'instruction*, or magistrate, investigates the case, and eventually decides whether any of the accused should be criminally prosecuted.

As part of the investigation, the *juge* sent a Letter of Request, pursuant to 28 U.S.C. Section 1782, to the United States District Court for the Southern District of Florida to allow it to subpoena documents and obtain information relevant to the inquiry. On June 13, 1986, this Court entered an Order appointing Stroock & Stroock & Lavan ("Stroock") as Commissioner to conduct the discovery in accordance with the Request. On July 7, 1986, the Clerk of the Court, acting on Stroock's request, issued a subpoena to the Vice President of Bank of Boston International South ("the Bank"), requesting the production of documents concerning any of the individuals and companies subject to the investigation. Among these individuals was MERCERON, former Minister of Finance for the Duvalier Government. The Bank subsequently complied with the Request; MERCERON was never notified.

At issue in this proceeding is a November 6, 1986 request for production of MERCERON'S bank records from Commissioner Stroock to the Bank. Two of the transactions about which information is sought predate MERCERON'S involvement in the Government. On December 9, 1986, MERCERON moved to vacate the Order Appointing Commissioner and to Quash the Subpoena on the grounds that: (1) the discovery sought is not for "use in a foreign or international tribunal" within the meaning of 28 U.S.C. Section 1782; (2) the Tribunal's investigation lacks appropriate safeguards traditionally associated with judicial or quasi-judicial proceedings; (3) the subpoena was issued for a purpose not permitted by 28 U.S.C. Section 1782; (4) Stroock is disqualified from acting as Commissioner in that it has a "personal interest" in the recovery of Haitian assets; (5) the subpoena infringes MERCERON'S rights under federal and/or Florida law; (6) Haitian law does not allow the production of bank records in this case; and (7) the subpoena is overbroad.

### Legal Discussion

Section 1782(a) provides in pertinent part that:

> The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to provide a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given or the document or other thing be produced, before a person appointed by the court. . . .

1. Discovery Request Made by a Tribunal

■ Materials sought pursuant to 28 U.S.C. Section 1782(a) must be discovered "for use in a foreign or international tribunal." MERCERON asserts that a *juge d'instruction* is merely an investigatory body, not a tribunal entitled to assistance under Section 1782(a). *In re Letters of Request to Examine Witness From the Court of Queen's Bench for Manitoba, Canada*, 59 F.R.D. 625 (N.D.Cal.), *aff'd per curiam*, 488 F.2d 511 (9th Cir.1973) (discovery for an investigation unrelated to a judicial or quasi-judicial controversy not permitted under Section 1782(a)). However, the legislative history behind Section

1782(a) is clear that judicial assistance extends to proceedings before foreign administrative and quasi-judicial tribunals and investigating magistrates. H.R.Rep. No. 1052, 88th Cong., 2nd Sess. (1963), S.Rep. No. 1580, 88th Cong., 2nd Sess., U.S.Code Cong. & Admin.News 1964, p. 3782 (1963). In fact, Section 1782 was amended in 1964 to specifically afford assistance to investigating matistrates. *Id.* Section 1782 has also been used to assist foreign tribunals presiding over criminal proceedings. *See In re Request for Judicial Assistance From Seoul Dist. Criminal Court, Seoul, Korea,* 555 F.2d 720 (9th Cir.1977); *In re Letters Rogatory From Dist., Tokyo, Japan,* 539 F.2d 1216 (9th Cir.1976); *In re Letter Rogatory From Justice Court, Dist. of Montreal, Canada,* 523 F.2d 562 (6th Cir.1975).

A *juge d'instruction* represents neither the interest of the police nor that of the state prosecutors. *In re Letters Rogatory Issued by the Director of Inspection of the Government of India,* 385 F.2d 1017, 1020 (2d Cir.1967). Nevertheless, MERCERON claims that the *juge d'instruction* in this case is acting under the direction of the current Haitian Government, and is not an independent adjudicator entitled to judicial assistance under Section 1782(a). *See e.g., Fonseca v. Blumenthal,* 620 F.2d 322, 323–324 (2d Cir.1980), *contra, In re Request for Assistance for Assistance From Ministry of Legal Affairs of Trinidad and Tobago,* 648 F.Supp. 464 (S.D.Fla.1986). The material before this Court indicates that the Haitian *juge d'instruction* is empowered to evaluate from the evidence he receives whether or not there is sufficient evidence to proceed further against MERCERON and the others who are the subject of the criminal investigation being conducted in Haiti. Thus, he falls within the purview of Section 1782. This Court also finds persuasive the recent opinion of Judge Palmieri of the Southern District of New York, holding that the Haitian Tribunal and its *juge* are the type of quasi-judicial entity and presiding individual entitled to receive judicial assistance under 28 U.S.C. Section 1782. *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti,* Misc. No. M19–113 (June 27, 1986).

**2. Procedural Fairness of the Tribunal's Investigation**

█ The legislative history of Section 1782 provides that a Court should "take into account the nature and attitudes of the Government of the country from which the request emanates ..." in exercising its discretionary power under Section 1782. 1964 U.S.Code & Ad.News at 3788. Evidence in the record indicates that the proceedings in Haiti may lack certain procedural protections over the rights of the accused. However, this Court will not engage in advisory opinions. The Haitian Tribunal is empowered by the same Code which has governed Haitian criminal procedure since before the Duvalier family took power. Should the *juge* decide that prosecution of MERCERON is appropriate, MERCERON may then contest the Haitian judicial procedures.

**3. Subpoena Issued For Improper Purpose**

█ MERCERON asserts that it is inappropriate to seek customer bank records under the guise of a Section 1782 request for evidence in criminal proceedings in Haiti, when the underlying purpose is to attempt to recover these assets in federal and state actions. No civil suit is currently pending against MERCERON in the United States. Thus, this Court finds premature and speculative MERCERON'S claim that the subpoena should be quashed because Stroock subpoenaed his bank records with the intent to locate assets in the United States that will be subject to civil actions. Again, MERCERON may raise these objections if and when someone does institute such litigation. *See e.g., Matter of Grand Jury Subpoena Duces Tecum,* 520 F.Supp. 253, 255 (S.D.Tex.1981) (objection based on possible use of subpoena should be raised only if and when a civil suit is brought); and *U.S. v. (Under Seal),* 714 F.2d 347, 351 (4th Cir.), *cert. denied,* 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983) (a court will generally refuse to quash a subpoena

when motion to suppress may be raised in a potential later civil proceeding).

### 4. Disqualification of Commissioner Stroock

■ The legislative purpose of 28 U.S.C. Section 1782 is to assist foreign tribunals in resolving foreign disputes. MERCERON contends that Stroock should not serve as Commissioner because Stroock has a personal interest in the recovery of assets purportedly embezzled from Haiti through civil actions commenced in the United States, because Stroock is contractually entitled to receive a percentage of all such assets. This argument is unpersuasive in light of this Court's recent ruling that even where the party requesting judicial assistance is an "interested party" and not entirely "neutral," the grant of assistance under Section 1782 is appropriate. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago,* 648 F.Supp. 464 (S.D.Fla.1986).

### 5. Violation of Florida and Federal Law

■ MERCERON asserts that the subpoena should be quashed because it violates federal and Florida law. The Right to Financial Privacy Act, ("FPA"), 12 U.S.C. Sections 3401–3420, prohibits unauthorized access to financial institution customer records by federal government agencies except pursuant to the procedures prescribed therein. Nothing in the language or history of the FPA shields MERCERON'S financial records from discovery requested pursuant to Section 1782. This Court will not extend the reach of the FPA to requests that emanate from foreign governments.

Article I, Section 23 of the Florida Constitution provides a right of privacy from government intrusion absent a compelling state interest. MERCERON urges this Court to protect his bank records from discovery pursuant to the right of privacy recognized in Florida. *See Winfield v. Di-*

*vision of Pari-Mutuel Wagering,* 477 So.2d 544 (Fla.1985) (right to privacy encompasses financial records).

■ The Court finds little merit in this argument. First, the subpoena was issued pursuant to a federal statute, namely 28 U.S.C. Section 1782. Consequently, federal law governs this case. To the extent that state law is inconsistent, it is preempted. *See In re Grand Jury Subpoena,* 481 F.Supp. 833 (D.Conn.1979).

■ Second, as Counsel for Haiti correctly point out, even if Florida law did apply, it would not mandate quashing the subpoena. In *South Florida Blood Service, Inc. v. Rasmussen,* 467 So.2d 798, 803 (Fla. 3d DCA 1985), approved in *Rasmussen v. South Florida Blood Service Inc.,* 500 So.2d 533 (Fla.1987), the Court held that the party invoking Florida's privacy clause bears the burden of showing good cause why the requested information should not be discovered. MERCERON simply has not met his burden. Furthermore, the United States and Haiti have a compelling interest in the criminal investigations, as is evidenced from the conditioning of foreign assistance to Haiti upon a Presidential certification that Haiti is investigating and prosecuting those responsible for corruption in the Duvalier government. *See* Section 202(d)(6) of the Special Foreign Assistance Act.

### 6. Discovery of Customer Bank Records Under Haitian Law[1]

Pursuant to a translation of Article 108 of the Law-Decree of November 17, 1980, ("Haitian Bank Privacy Law"), members of the Board of Directors or of personnel of any bank established in Haiti are bound to "maintain confidentiality and may not communicate to anybody information concerning their customers, except for professional information which may only be furnished to another Bank pursuant to the internal regulation of the Banks or information that must be provided to financial or *judicial*

---

**1.** 28 U.S.C. Section 1782 does not require that a foreign tribunal seeking assistance from the United States first prove that the documents it seeks are discoverable in its own nation.

Nevertheless, the issues raised by MERCERON could be dispositive of the Motion to Quash; therefore this Court will address the arguments raised.

*authorities pursuant to the law."* (Emphasis supplied)

While the language of Article 108 is clear that records may be furnished to "judicial authorities pursuant to the law," MERCERON nevertheless objects to the discovery of his bank records in this proceeding. He asserts, in essence, that the Tribunal and Commissioner Stroock are not "judicial authorities" and that the records at issue are not being sought under any valid "law." MERCERON also claims that even if the documents are discoverable, he is entitled to a hearing prior to disclosure of the records.

◼ This Court has already determined that the Tribunal and the *juge d'instruction* are quasi judicial entities entitled to receive assistance under 28 U.S.C. Section 1782. Articles 73 and 74 of the Haitian Code of Criminal Justice vest the investigating magistrate with broad powers to collect evidence in criminal proceedings. Article 73 of the Criminal Code gives the magistrate power to "search for papers . . . useful for discovery of the truth." Only the investigating magistrate may initiate court action to determine whether the accused will stand trial. Although within Haiti a *juge* may only discover documents outside of his borough by requesting assistance from another *juge*, such limitations on a *juge's* power are not extranational. Consequently, Commissioner Stroock may properly assist the Government of Haiti in the United States in pursuing these criminal investigations.

◼ The Haitian Government's request for MERCERON'S bank records is based on valid, existing law. Articles 73 and 74 of the Haitian Criminal Code vest in magistrates the power to seek out papers useful to their investigations, wherever the magistrate believes the items may be hidden. Pursuant to Article 108 of the Bank Privacy Law, and Articles 73 and 74 of the

Criminal Code, the investigating magistrate handling this matter issued two orders in connection with the investigation. This Court defers to the Haitian Tribunal's construction of Haitian laws.[2]

◼ This Court finds no support for MERCERON'S claim that Haitian law requires a hearing prior to production of bank documents. Articles 73 and 74 of the Criminal Code and Article 108 of the Bank Privacy Law do not contain any requirement that a hearing be held prior to disclosure of a person's bank records. Moreover, to require that discovery be conducted pursuant to identical procedures before Section 1782 is available would rule out assistance for many countries, particularly civil law countries such as Haiti, where procedures differ from those of common law countries. Congress neither provided for, nor intended such result. The grant of assistance under Section 1782 does not require that this Court delve into the procedural nuances of Haitian law. *See John Deere Ltd. v. Sperry Corp.,* 754 F.2d 132, 136 (3rd Cir.1985).

7. Overbreadth of the Subpoena

◼ The customer bank records sought under the subpoena include two transactions which predate MERCERON's involvement in the Duvalier regime by more than fifteen months. In this sense the subpoena is overbroad, and therefore, it is ORDERED that the subpoena be modified to require production of only those documents relating to the time periods during which MERCERON was Minister in the former government of Haiti.

THE EFFECT OF THIS ORDER is stayed until 12 o'clock, noon, on Friday, March 27, 1987.

---

2. Testimony of expert witnesses at a hearing before this Court reveals that no bank records had ever been produced in Haiti pursuant to Article 108 prior to this investigation. While this Court recognizes that the testimony of experts may be considered in deciding questions of foreign law, *see, e.g., Alosio v. Iranian Shipping Lines, S.A.,* 426 F.Supp. 687 (S.D.N.Y.1976), *aff'd,* 573 F.2d 1287 (2d Cir.1977), the Court also notes that the Haitian Government has not repealed Article 108. MERCERON cannot bar application of Article 108 on the grounds that it has never been applied before.