**In re LETTER OF REQUEST FROM the CROWN PROSECUTION SERVICE OF the UNITED KINGDOM.**

**Misc. No. 88–0028.**

United States District Court, District of Columbia.

March 21, 1988.

Asst. U.S. Atty. Robert Chapman, John E. Harris, Crim. Div., Dept. of Justice, Washington, D.C., Commissioners.

David Aufhauser, Howard Gutman, Washington, D.C., for movant Ward.

MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This case comes before the Court on the motion of Thomas J. Ward for an order quashing the appointment of two government attorneys as Commissioners to gather documents, testimony, and other information as requested by the Crown Prosecution Service of the United Kingdom. Mr. Ward also requests this Court to quash the subpoenas issued by the Commissioners. Alternatively, he seeks a protective order limiting the disclosure and use of the documents, testimony and other information gathered by the Commissioners to prevent the abuse of the authority under which they have been appointed.

The motion was argued on March 10, 1988.

I

The background of this motion is as follows: In May 1987, Ernest Walter Saun-

---

ders was arrested by British authorities and charged with "attempting to pervert the course of justice and destruction and falsification of documents." Based on those charges, the Director of Public Prosecutions of the Crown Prosecution Service was "conducting criminal proceedings" against Mr. Saunders as of September 30, 1987. In connection with those proceedings, an investigation of Mr. Saunders' involvement in an alleged illegal share support scheme was commenced. Saunders was the former Chief Executive of Guinness, PLC (Guinness). It was alleged that Saunders inflated the price of Guinness stock by fraudulently enhancing investor demand for it. The enhanced demand came from Guinness insiders who were encouraged to buy large quantities of stock by Saunder's promises of full compensation, from company funds, for any losses that would be incurred. Apparently, due to its high stock price, Guinness had sufficient economic leverage to outbid Argyll, PLC, in their competition for a hostile takeover of the Distillers Company. After Guinness' successful acquisition of Distillers Company, however, the price of Guinness stock dropped, thus requiring Mr. Saunders to pay the losses of the Guinness insiders out of company funds.

The British authorities have allegedly identified two payments evidencing criminal conduct: (1) A May 29, 1986 payment of 3,000,000 British pounds by Guinness to Sir Isadore Jack Lyons, and (2) a payment of 5,200,000 British pounds by Guinness to Thomas J. Ward, the movant herein. Both Lyons and Ward were insiders at Guinness; Lyons as a consultant to Guinness, and Ward as a director of Guinness, an officer and director of several subsidiaries of Guinness, and counsel to Guinness and its subsidiaries.

It appears that Lyons has sought to explain part of the Guinness payment to him by claiming that Guinness was buying his cooperative apartment and parking space at Watergate South, 700 New Hampshire Ave., N.W., Washington, D.C., for 750,000 British pounds. This real estate was conveyed in late 1985 or early 1986, but the transferee of record was Ward, not Guinness. Lyons and Guinness contend that Ward is a nominee holder for Guinness. Guinness has filed a civil suit against Ward in this court [1] to recover the property, and Ward is defending the case on the basis that he, and not Guinness, is the true owner.

As a part of the investigation of the "illegal support scheme" the Crown Prosecution Service, by Crown Prosecutor F.J. Coford, petitioned the "competent Judicial authorities" in the United States for assistance with respect to four American witnesses on or about September 30, 1987. The petition, which was captioned "Commission Rogatoire," was apparently routed to the British Embassy in Washington. By diplomatic note dated October 19, 1987, the British Embassy in Washington forwarded the Commission Rogatoire (hereinafter refered to as the "Letter of Request") to the Department of State. The Department of State processed the Letter of Request on or about October 22 or 23, 1987, and forwarded it to the office of International Affairs in the Criminal Division of the Department of Justice on or about November 16, 1987. That office in turn routed the Letter of Request to the United States Attorney's Office for the District of Columbia on or about January 5, 1988.

On January 20, 1988, the United States Attorney, by Assistant U.S. Attorney Robert R. Chapman, applied ex parte to this Court for an order appointing Mr. Chapman, and Mr. John E. Harris, Associate Director, Office of International Affairs, Criminal Division, United States Department of Justice, as Commissioners of the Court pursuant to 28 U.S.C. § 1782. Such an order was entered by the Court on January 21, 1988. It is this Order which is the subject of the pending motion.

In the Letter of Request, it is stated that under the provisions of the Prosecution of Offenses Act 1985, the Director of Public Prosecutions is required to take over the conduct of all criminal proceedings in England and Wales, other than certain relative-

1. Civil Action No. 87–0484 pending before the Honorable Norma Holloway Johnson.

ly minor offenses, instituted on behalf of a police force. It notes that the Director of Public Prosecutions is conducting a criminal proceeding against Mr. Sanders, who is presently charged with "attempting to pervert the course of justice and destruction and falsification of documents." The Letter sets forth a number of the allegations, but relevant to this case, it states that "payment was made to Mr. Thomas Ward a director of Guinness by Saunders in the sum of 5,200,000 pounds. Ward is an American citizen and a partner in the law firm of Ward, Lazarus, Grow and Cihlar, 1711 N Street, N.W., Washington, D.C." Apparently, at the center of this part of the investigation is the ownership of the Watergate Apartment. In order to carry out their investigation, the Commissioners seek to secure information from (1) Watergate South, Inc., (2) Hogan & Hartson, a law firm which allegedly represented Lyons in relation to the sale of the property at the Watergate Apartments, (3) Cafritz Co., the company which is believed to be the manager of the Watergate Apartments and (4) Bain and Company, Inc. which allegedly has information concerning the process of payments to Lyons of his fee and remuneration. The Letter notes that at this stage "the persons listed above are not suspected of complicity in any criminal offenses and they will be treated as potential prosecution witnesses."

## II

Ward moves to quash the subpoena, and for other relief, because he contends that the United Kingdom's Letter of Request does not satisfy the requirements of 28 U.S.C. § 1782. He argues that the Letter was not signed, authorized or sent on behalf of a court conducting the proceedings or any other British court or judge, and that it does not seek to gather evidence to be used in the Saunders proceedings before the British criminal court. He argues that "the request impermissibly seeks assistance for the British police and prosecutor in its continuing criminal investigation, primarily or exclusively of Mr. Ward." He further alleges that the Letter of Request and the Government's application for an order permits a gross misuse and abuse of the information collected here.

The appointed Commissioners at first argued that Ward lacked standing to move to quash the subpoena entered in this case. At the oral argument, however, the Commissioners conceded standing and addressed the motion on its merits. At this time the primary issue raised by the parties is whether under Section 1782 there is a requirement that there be a *pending* proceeding in a foreign or international tribunal. While at one point Ward also appeared to argue that the request had not been made by a foreign or international tribunal, he apparently is not making that argument; perhaps in view of the statute which provides that the order may be made pursuant to a Letter Rogatory issued either by a foreign or international tribunal or upon application of any interested person.

Section 1782 provides in pertinent part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the documents or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Although the parties have cited several cases, only one case appears to specifically address the question now presented to the Court; that is, whether there is a requirement that there be a *pending* proceeding in a foreign or international tribunal. Ward cites to *Letters Rogatory Issued by the Director of Inspection of the Government of India*, 385 F.2d 1017 (2d Cir.1967) and *Fonseca v. Blumenthal*, 620 F.2d 322 (2d Cir.1980) in support of his argument. Those cases deal with the question of who or what constitutes a "tribunal" as that

term is used in the statute. As the Court notes, that is not an issue in this case.

The issue was addressed in *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago,* 648 F.Supp. 464 (SD Fla.1986). There, one question presented to the Court was whether it was necessary that the foreign proceeding be pending at that time. The Court noted that "[a]lthough the judicial proceeding in which the requested documents are to be used is not currently pending, § 1782 imposes no such requirement. Indeed, in contradistinction to its predecessor, the 1964 amendment to § 1782 eliminated the word 'pending'". 648 F.Supp. at 466–67 (footnote omitted). The Court went on to observe that after examining the history of the statute and the change that was made in 1964, "it is reasonable to assume that the elimination of the word pending was intended to facilitate the gathering of evidence prior to the institution of litigation and indicates that it is not necessary for the proceeding to be pending at the time the evidence is sought." 648 F.Supp. at 467 (footnote and citation omitted).

The District Court in *Trinidad and Tobago* also cited to the article written by Hans Smit. *See* Smit, *International Litigation Under the United States Code,* 65 Col.L.Rev. 1015 (1965). Mr. Smit served as Reporter to the Commission and Advisory Committee on International Rules of Judicial Procedure at the time the 1964 amendment was pending in Congress. He states that "The former version of § 1782, 63 Stat 103 (1949), required that the deposition was 'to be used in any judicial proceeding pending in any court.' In the new version the word pending was eliminated to facilitate the gathering of evidence prior to institution of litigation abroad." *Id.* at 1026–27, n. 72.

This Court has found no other cases which address the issue as to the reason for the elimination of the word "pending". In amending Section 1782, Congress recognized that "[t]he steadily growing involvement of the United States in international intercourse and the resulting increase in litigation with international aspects have demonstrated the necessity for statutory improvements and other devices to facilitate the conduct of such legislation." S.Rep. 1580, 88th Cong., 2d Sess., *reprinted in* 1964 U.S. Code Cong. & Admin.News 3782, 3783. The Senate Report notes that: "The proposed revision of section 1782, set forth in section 9(a) clarifies and *liberalizes* existing U.S. procedures for assisting foreign and international tribunals and litigants in obtaining oral and documentary evidence in the United States and adjusts those procedures to the requirements of foreign practice and procedure." *Id.* at 3788 (emphasis this Court's). The Committee further noted that: "The word 'tribunal' is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries." *Id.* Taking that language into consideration, together with the amended statute which strikes the word "pending", and the comments of Mr. Smit, this Court concludes that Congress eliminated any requirement that the judicial proceeding be pending at the time assistance is sought under Section 1782. In short, the Court agrees with the conclusion reached in *Trinidad and Tobago.*

In view of the above it follows that Ward's motion must be denied.

It is hereby

ORDERED that the motion to quash order and subpoenas, or for protective order, filed by Thomas J. Ward is denied.